UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
"IN ADMIRALTY"

CASE NO:

SHM BURNT STORE, LLC
d/b/a BURNT STORE MARINA,

    Plaintiff,

vs.

M/Y *"DOROTHY ANN,"* a 38.1'
Bayliner manufactured vessel, her boats, engines,
tackle, equipment, apparel, furnishings, freights,
appurtenances, and all fixtures and other
necessaries there unto appertaining and
belonging to the vessel, *in rem;* and

ROBERT SANKEY, *in personam*,

    Defendants.

_____/

## VERIFIED COMPLAINT

Plaintiff, SHM BURNT STORE, LLC d/b/a BURNT STORE MARINA (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, file this Verified Complaint against: Motor Yacht *"DOROTHY ANN,"* a 38.1' Bayliner manufactured motorized yacht, her boats, engines, tackle, equipment, apparel, furnishings, freights, appurtenances, and all fixtures and other necessaries there unto appertaining and belonging to the vessel (hereinafter referred to as "Defendant Vessel"), *in rem*; Defendant Vessel's Owner or authorized agent for ROBERT SANKEY (hereinafter referred to as "Defendant Vessel's Owner"), *in personam*; and alleges:

### VENUE AND JURISDICTION

1. This cause of action is under Admiralty and Maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the jurisdiction of this Court pursuant to 28 U.S.C. §1333.

2. Venue is proper as Defendant Vessel is located within the jurisdiction of this Court and upon information and belief, Defendant Vessel's Owner resides within the jurisdiction of this

Court.

## PARTIES

Plaintiff, SHM BURNT STORE, LLC d/b/a BURNT STORE MARINA, principal place of business is located at 14785 Preston Road, Suite 975, Dallas, Texas 75254.

3. Defendant Vessel is and will remain within the Middle District of Florida during the pendency of her arrest.

4. Defendant Vessel's Owner upon information and belief, resides in the Middle District of Florida.

## GENERAL ALLEGATIONS

5. On or about October 13, 2017, pursuant to a written agreement with Plaintiff, executed by Defendant Vessel's Owner ("Agreement"), is obligated, *in personam*, to pay any amounts not determined to be maritime liens against Defendant Vessel, *in rem*, including but not limited to interest, collection costs, and attorney fees. *See* Dockage Agreement attached hereto as "Exhibit A."

6. Pursuant to the aforementioned Agreement, Plaintiff rendered dockage and related services to Defendant Vessel, and Plaintiff billed Defendant Vessel's Owner accordingly. *See* Account Statement attached hereto as "Exhibit B."

7. The dockage and related services identified herein were tendered to Defendant Vessel at the direction of Defendant Vessel's Owner.

8. The cost of the services rendered is customary, reasonable, and in accordance with prevailing charges.

9. Despite repeated demand, Defendant Vessel's Owner has failed to pay for the services provided and contractual interest continues to accrue, *per diem*.

10. Plaintiff has required the assistance of legal counsel and has retained the undersigned to take legal action to recover the outstanding debt and is entitled to recover fees for same under the terms of the Agreement executed between the Parties.

11. The total amount due to Plaintiff for the vessel is $9,280.10, exclusive of legal fees, costs, and interest, which continues to accrue on a daily basis at the contractual rate of 18% *per anum.*

**COUNT I. FORECLOSURE OF MARITIME NECESSARIES LIEN AGAINST DEFENDANT VESSEL**

12. Plaintiff re-alleges paragraphs 1 through 11, as alleged herein.

13. Pursuant to 46 U.S. Code § 31342, Plaintiff retains a necessaries lien against Defendant Vessel for the services rendered to Defendant Vessel at the request of Defendant Vessel's Owner.

14. Consequently, Plaintiff now seeks to foreclose on its secured necessaries lien against Defendant Vessel in this action.

WHEREFORE Plaintiff, SHM BURNT STORE, LLC d/b/a BURNT STORE MARINA, respectfully requests the following relief:

    a. Process issue against Defendant Vessel, her engines, tackle, apparel, and other appurtenances, *in rem*;

    b. All persons having or claiming an interest therein be required to appear and answer the aforesaid matters;

    c. Plaintiff be decreed to have a lien upon Defendant Vessel as described herein, and that said lien be foreclosed in accordance with law and that Defendant Vessel be condemned and sold in payment of the outstanding amount due, in addition to all other sums owed, and that Plaintiff be permitted to bid the amount of its lien at the sale of Defendant Vessel;

    d. This Court further award Plaintiff the total amount due, attorney's fees, prejudgment interest, court costs, and that Plaintiff be permitted to recover same from Defendant Vessel, *in rem*, and any non-maritime amounts from Defendant Vessel's owner, *in personam*; and

  e. Any further relief that this Honorable Court deems just and proper.

**COUNT II. BREACH OF CONTRACT AGAINST DEFENDANT VESSEL'S OWNER**

  15. Plaintiff re-alleges paragraphs 1 through 11, as alleged herein.

  16. Plaintiff entered a written agreement with Defendant Vessel's to render necessary services to Defendant Vessel.

  17. Plaintiff rendered the services to Defendant Vessel, and billed Defendant Vessel's Owner for same.

  18. Defendant Vessel's Owner has failed to satisfy the outstanding balance due and Plaintiff has been damaged in the amount of $9,280.10, plus accruing interest, contractual attorney's fees, and all costs associated with this action.

  WHEREFORE Plaintiff hereby demands judgement for breach of contract against Defendant Vessel's Owner in the amount of $9,280.10, plus accruing dockage, interest, costs, attorney's fees, and for any further relief that this Honorable Court deems just and proper.

**COUNT III. UNJUST ENRICHMENT AGAINST DEFENDANT VESSEL'S OWNER AND AUTHORIZED AGENT**

  19. Plaintiff re-alleges paragraphs 1 through 11, as alleged herein.

  20. Plaintiff conferred a benefit to Defendant Vessel's Owner by supplying services to Defendant Vessel at the request of Defendant Vessel's Owner.

  21. Defendant Vessel's Owner has knowledge and acceptance of the benefit conveyed by Plaintiff.

  22. Defendant Vessel's Owner failed to remit payment in full for the services and parts rendered by Plaintiff and it would be inequitable for Defendant Vessel's Owner to retain the benefit without paying fair value for same.

  23. Defendant Vessel's Owner owes Plaintiff an outstanding amount for the services and product conferred plus costs and attorney's fees.

  WHEREFORE Plaintiff demands Judgment against Defendant Vessel's Owner for unjust

enrichment plus costs, attorney's fees, and for any further relief that this Honorable Court deems just and proper.

  Respectfully submitted,

                <u>/s/ Adam M. Ludwin</u>
                Adam M. Ludwin, Esq.
                Florida Bar No: 101742