UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHM BURNT STORE, LLC,

    Plaintiff,

v.                                                                  Case No.:   2:20-cv-507-SPC-MRM

M/Y DOROTHY ANN,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff's Motion for Final Default Judgment Against Defendant M/Y Dorothy Ann. (Doc. 31). Because the damages are for a sum certain and demonstrated by a Declaration in support (Doc. 32), the Court finds a hearing is unnecessary. See *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (cleaned up).

## BACKGROUND

This is a maritime case. Robert Sankey signed a storage license agreement with SHM Burnt Store, LLC, in October 2017 for dockage and

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

electricity services for his boat, the M/Y Dorothy Ann. He stopped making payments in September 2018. Mr. Sankey died in October 2018. A year and a half later, Plaintiff filed this action to recover the missed payments. Count I is to foreclose *in rem* on a preferred maritime lien for necessaries under 46 U.S.C. § 31342. Count II is for breach of a maritime contract *in personam* against Mr. Sankey because of his failure to pay the monthly installments under the agreement. (Doc. 1).

The Court appointed Plaintiff to serve as substitute custodian of the vessel during the pendency of this action and the U.S. Marshals Service served a warrant of arrest on the vessel and turned custody over to Plaintiff. (Doc. 8). Thus, Plaintiff became the substitute custodian as of October 2020, and was owed necessaries under the agreement until that point. Plaintiff also requests its administrative expenses it incurred while acting as a substitute custodian of the vessel, which the Court's Order directing the issuance of the arrest warrant indicated may be awarded. (Doc. 8 at 3).

Barbara Sankey, Robert's widow, abandoned her ownership of the vessel and has no objection to Plaintiff foreclosing its preferred maritime lien. (Doc. 26-2). Thus, the *in personam* action (Count II) against Mr. Sankey was dropped (Doc. 33), and the Clerk entered default against the vessel (Doc. 29). USAA Federal Savings Bank holds a mortgage on the vessel, and the Court

2

found that Plaintiff had provided sufficient notice of this litigation to the Bank under 46 U.S.C. § 31325(d)(1)(C). (Doc. 29 at 3-7).

## LEGAL STANDARD

"When a defendant who has been properly served has failed to plead or defend, a district court may enter judgment by default." Fed. R. Civ. P. 55(b)(2). Before entering clerk's default, the Court reviewed service and found it proper. (Doc. 29).

Still, "A final default judgment does not automatically follow from a clerk's default." *Kennedy v. ORLTEL, LLC*, No. 617CV2014ORL37TBS, 2018 WL 1172925, at *1 (M.D. Fla. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1152393 (Mar. 5, 2018). When entering a default judgment, a court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "In deciding the complaint's sufficiency, the court applies the same standard as a motion to dismiss." *Mutka v. Top Hat Imports, LLC*, No. 2:18-cv-5390-FtM-38MRM, 2018 WL 6168124, at *1 (M.D. Fla, Nov. 26, 2018).

3

The Maritime Lien Act grants a maritime lien to a party that provides necessaries to a vessel. 46 U.S.C. § 31342. "Necessaries" include repairs, supplies, towage, and using a drydock or marine railway. 46 U.S.C. § 31301(4).

A maritime lien is a special property right in a vessel given to a creditor by law as security for a debt or claim subsisting from the moment the debt arises. *Dresdner Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267 (11th Cir. 2006) (quoted authority omitted). A maritime lien converts the vessel itself into the obligor and allows injured parties to proceed against it directly. *Crimson Yachts v. Betty Lyn II Motor Yacht*, 603 F.3d 864, 868 (11th Cir. 2010). In other words, a maritime lien gives its holder a property right in a vessel, and the proceeding in rem is a means of enforcing the property right. *See id.*

For a party to establish a maritime lien in a vessel: (a) the good or service must qualify as a "necessary"; (b) the good or service must have been provided to the vessel; (c) on the order of the owner or agent; and (d) the necessaries must be supplied at reasonable prices. *Barcliff, LLC v. M/V Deep Blue, IMO No. 9215359*, 876 F.3d 1063, 1068 & n.5 (11th Cir. 2017).

## DISCUSSION

Based on the facts, there is a sufficient basis for judgment because Plaintiff has stated a plausible claim. Paragraphs 5 through 8, 11 and Exhibit "B" of the Verified Complaint show that Plaintiff provided necessaries to the vessel on order of the owner, Mr. Sankey. These paragraphs and Exhibit "B"

4

also show the owner did not pay for the services that Burnt Store provided to the vessel from September 2018 through March 2020. In addition, Burnt Store provided the Declaration of Jaret Rogers to provide additional evidence supporting Plaintiff's damages. (Doc. 32). The Slip License Agreement, which is attached as Exhibit "A" to the Verified Complaint, establishes the reasonable rates for the services provided to the vessel. And taxes due on necessaries provided to the vessel constitute a portion of the cost and are therefore included in the maritime lien. *Robbie's of Key West v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1270 (S.D. Fla. 2020). At bottom, Plaintiff may foreclose its preferred maritime lien.

The Court also finds that Plaintiff may recover its custodial expenses. The Order Appointing Substitute Custodian provides that all reasonable expenditures which may be incurred by the substitute custodian in towing, safekeeping and maintaining the vessel while she is in *custodia legis* shall be administrative expenses in this action and a first charge on the Defendant vessel. (Doc. 8 at 2-3). The Affidavit of Proposed Substitute Custodian describes the rates that Burnt Store charges for its custodial services in this matter. (Doc. 4-1 at 2). Services or property advanced to preserve and maintain the vessel under seizure, furnished upon authority of the Court should be allowed as *custodia legis* expenses. *Associated Metals and Minerals Corp. v. Alexander's Unity MV*, 41 F.3d 1007, 1018 (5th Cir. 1995).

Finally, the Court finds that Plaintiff may recover its costs incurred in this action ($2,500 paid to the U.S. Marshals Service for its expenses, and the $402 filing fee), which Plaintiff includes as part of its administrative fees for acting as a substitute custodian. *See* Fed. R. Civ. P. 54; 28 U.S.C. §§ 1920, 1921.

Plaintiff has opted not to pursue a claim for prejudgment interest at the contract rate of 18%. Plaintiff is requesting that the Court award prejudgment interest at the statutory rate under 28 U.S.C. § 1961. *See Robbie's of Key West,* 470 F. Supp. 3d at 1271 ("The appropriate interest rate to compensate Plaintiff for the use of the funds is the same rate that applies to post-judgment interest according to 28 U.S.C. § 1961.").

For default judgment, "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co.,* 777 F.2d at 1544 (cleaned up). In a Declaration, Plaintiff outlined and calculated the unpaid amounts with enough facts. Finding no need for a hearing, the Court enters judgment.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Final Default Judgment Against Defendant M/Y Dorothy Ann (Doc. 31) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default final judgment in favor of Plaintiff, SHM Burnt Store, LLC, against the *in rem* Defendant, M/Y Dorothy Ann, on Count I of the Verified Complaint (Doc. 1), and award Plaintiff damages in the amount of **$12,558.14**; *custodia legis* expenses in the amount of **$90,089.52**; and pre-judgment interest at the rate provided by 28 U.S.C. § 1961.

3. The U.S. Marshal service is **DIRECTED** to sell the *in rem* Defendant, M/Y Dorothy Ann, at public auction in accordance with Supplemental Admiralty Rule E(9) and Local Admiralty Practice Manual 5(r).

4. Plaintiff, SHM Burnt Store, LLC, has the right to credit bid its judgment at the U.S. Marshals' sale of the M/Y Dorothy Ann.

5. After entering judgment, the Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 24, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
U.S. Marshals Service

All Parties of Record

Barbara Sankey
9297 Arrid Cir.
Port Charlotte, FL 33981

7

USAA Federal Savings Bank
Attn: Member Debt Solutions
10750 McDermott Freeway
San Antonio, TX 78288

USAA Federal Savings Bank
Attn: Member Debt Solutions
PO Box 25145
Lehigh Valley, PA 18002